# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TYRONE FERGUSON, JR.,

    **Plaintiff,**

  **v.**

               **Case No. 10-C-890**

METALCUT PRODUCTS, INC.,

    **Defendants.**

---

# DECISION AND ORDER

---

Pro se Plaintiff Tyrone Ferguson, Sr. ("Ferguson") filed a Complaint against his former employer, Defendant Metalcut Products Inc. ("Metalcut"). Liberally construed, Ferguson's Complaint alleges that Metalcut discriminated against him in the workplace and terminated his employment based on his race.

This case comes before the Court on Ferguson's petition to proceed *in forma pauperis*. To authorize a litigant to proceed *in forma pauperis* the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action and 2) whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). The Court is obliged to give a plaintiff's pro se allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Ferguson's petition for leave to proceed *in forma pauperis* states that he is employed and his monthly income is approximately $450. He does not own his residence and has no checking, savings, or other similar accounts. Ferguson owns a 2001 Mercedes that he indicates is worth $5,000. Ferguson reports that he is not currently married. However, he has two legal dependents.

Ferguson's petition indicates that his monthly expenses are as follows: $200 for court-ordered alimony or child support; $150 for rent; $150 for gas; $200 for food; $50 for cell phone service; and, $100.00 for internet service. Ferguson's monthly expenses total $750 and significantly exceed his income. Based on the information provided, the Court concludes Ferguson has satisfied the requirements of Section 1915(a) and is unable to pay the costs of commencing this action.

Next, the Court will consider whether Ferguson's action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts may screen complaints filed by all litigants. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen the complaint prior to service on the defendants, and must dismiss a complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. *Id.*; 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). In deciding whether the complaint states a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Section 2000e-2(a)(1) of Title 42 of the United States Code provides in relevant part that "it shall be an unlawful employment practice for an employer – (1) . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [his] . . . terms, conditions, or privileges of employment, because of such individual's race." Ferguson alleges that Metalcut discriminated against him based on his race.

Before a person may commence a Title VII action in federal court, however, he must first file a timely charge with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter. 42 U.S.C. §§ 2000e-5(b), (e), and (f). *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). An EEOC Dismissal and Notice of Rights is attached to Ferguson's Complaint indicating that he filed a charge claiming discrimination and received a notice of right to sue from the EEOC. Based on the foregoing, Ferguson's Complaint states an arguable Title VII discrimination claim against Metalcut.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Ferguson is **GRANTED** leave to proceed *in forma pauperis*.

The United States Marshal must **SERVE** a copy of the Complaint and the attachments, the summons, and this Decision and Order upon Metalcut pursuant to Federal Rule of Civil Procedure 4. Ferguson is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service because in *forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Ferguson is **NOTIFIED** that from now on, he is required, under Rule 5(a) of the Federal Rules of Civil Procedure, to send a copy of every paper or document filed with the Court to the opposing parties or their attorneys. Ferguson should also retain a personal copy of each document. If Ferguson does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Metalcut or its attorneys.

Ferguson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 25th day of October, 2010.

**BY THE COURT**


_s/ Rudolph T. Randa_
**Hon. Rudolph T. Randa**
**U.S. District Judge**